Filed 7/27/22  P. v. Sconiers CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B312409 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA355108) |
| v. | |
| DARYL ANTHONY SCONIERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed as modified.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Daryl Anthony Sconiers, Jr. (defendant), appeals from the judgment entered after he was resentenced upon the granting of his petition for vacatur and resentencing pursuant to Penal Code former section 1170.95 (now § 1172.6).[1]  Defendant contends, and respondent agrees, that the three-year parole period imposed was unauthorized and must be reduced to a two-year parole period.  We agree and will modify the judgment accordingly.

## BACKGROUND

Defendant was convicted in 2014 of first degree murder as an aider and abettor of first degree burglary during which his accomplice committed a homicide (count 1).  Defendant was also convicted of attempted first degree robbery (count 2) and first degree burglary (count 3), with a principal armed in the commission of the offenses (§ 12022, subd. (a)(1)).  Defendant was sentenced to life in prison without the possibility of parole due to the jury's finding true the special circumstance alleged pursuant to section 190.2, subdivision (a)(17), that an accomplice committed the murder during the commission of a first degree burglary and during the commission of attempted first degree robbery.  (See § 190.2, subd. (d).)  Defendant was also sentenced to a determinate term of three years plus a one-year firearm enhancement as to count 2, and a term of six years plus a one-year firearm enhancement as to count 3.  The sentences on counts 2 and 3 were stayed pursuant to section 654.  Defendant

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code, unless otherwise indicated.

appealed from the 2014 judgment, and we reversed the section 190.2 special circumstance and remanded for resentencing, as there was not substantial evidence to support a required finding that defendant was a major participant in the crime and acted with reckless indifference to human life, pursuant to section 190.2, subdivision (d). (See *People v. Aikens* (Nov. 2, 2017, B270559) [nonpub. opn.].).)

On remand, defendant filed a petition pursuant to former section 1170.95 for vacatur and resentencing. The trial court found defendant had made a prima facie showing of entitlement to relief, issued an order to show cause why the requested relief should not be granted, held an evidentiary hearing, and granted the petition. On January 14, 2020, the trial court vacated defendant's first degree murder conviction, and added a conviction of second degree murder in its place. The court then sentenced defendant to a term of 15 years to life for that offense, plus one year for the firearm enhancement. Defendant appealed from that judgment, which we reversed and remanded for resentencing, as former section 1170.95 did not provide for substituting a new offense for the vacated murder conviction. (See *People v. Sconiers* (Feb. 3, 2021, B304595) [nonpub. opn.].)

On that remand, the trial court vacated the second degree murder conviction and on March 5, 2021, sentenced defendant to the high term of six years on count 3, first degree burglary, plus a consecutive three years pursuant to section 12022, subdivision (a)(1). The court imposed the middle term of three years on count 2, attempted robbery, plus one year pursuant to section 12022, subdivision (a)(1), and stayed the term pursuant to section 654. Defendant was given credit for time served and placed on parole for three years.

3

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

Defendant contends that the three-year parole period imposed by the trial court was unauthorized and must be reduced to two years. The People agree.

Effective July 1, 2020, section 3000.01, with exceptions not relevant here, provides that prison inmates subject to parole supervision who have been sentenced to a determinate term, shall be released on parole for a period of two years. (§ 3000.01, subds. (a), (b)(1), (d).) This was the law in effect on March 5, 2021, the day defendant was last sentenced and ordered released by the Department of Corrections upon the completion of the abstract of judgment, which was filed the same day.

Also in effect on March 5, 2021, was former section 1170.95, subdivision (g), which allowed the trial court to "order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence."[2] The two sections were not directly in conflict at that time, as the sentencing court was authorized to impose *up to* three years of parole after prison in former section 1170.95. However, as our colleagues in Division Three of this court did in *People v. Tan* (2021) 68 Cal.App.5th 1, we harmonize the law and find the trial court can impose only the two-year term to those sentenced to a determinate prison

---

[2] Former section 1170.95 was amended effective January 1, 2022, to provide in subdivision (h): "The judge may order the petitioner to be subject to parole supervision for up to two years following the completion of the sentence."

4

term pursuant to section 3000.01. To do otherwise is unauthorized.

As we may correct an unauthorized sentence on appeal despite failure to object below (*People v. Scott* (1994) 9 Cal.4th 331, 354), we do that here.

## DISPOSITION

The judgment is modified to reduce defendant's period of parole supervision to two years effective March 5, 2021. As modified, the judgment is affirmed. The superior court is ordered to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.

5